UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                       Case No.   10-CR-16-bbc-2

FEDERICO PEREZ,

                Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

      The Defendant, appearing by his attorney Mark Maciolek, hereby respectfully requests that the Court impose a sentence of 5 years, which is a sentence just 3 months less than the bottom of the guideline range.

      Mr. Perez is responsible for 255.15 grams of a mixture or substance containing methamphetamine.  R. 29 at ¶ 38.  255.15 grams is toward the lower end of the 200 – 350 gram range under § 2D1.1(c)(6).  Id.  He immediately admitted his involvement with co-defendant Juan Loredo's methamphetamine conspiracy.  Id. at ¶ 29.  Mr. Perez's involvement with Loredo was apparently such that Loredo did not consider Mr. Perez to be "involved" with Loredo's distribution of methamphetamine.  Id. at ¶ 22.  It is not particularly surprising that Loredo did not understand federal drug conspiracy law.  Loredo's statement tends to show that Loredo is the co-defendant with greater responsibility for the conspiracy.

      Mr. Perez had a difficult childhood, despite his mother's best efforts.  Id. at ¶ 79.  Mr. Perez has only good things to say about his childhood and family.  Id. at ¶ 77.

1

However, his mother recalls that Mr. Perez's father abandoned the family when Mr. Perez was only 5 years old. Id. at ¶ 79. The loss of his father led Mr. Perez to act out, as he blamed his mother for his father's leaving. Id. Counsel suspects that his father's leaving was much more traumatic than Mr. Perez lets on. Without a father figure in his life, Mr. Perez became involved in gang activity at age 12. Id. at ¶ 84. Fortunately, he was able to see that gang membership was a dead-end once his time in custody was extended for gang fighting in an institution. Id. There is no indication that the present offense was gang-related. There is also no evidence of any violent activity or use or possession of firearms surrounding the instant offense.

     Mr. Perez's criminal history consists of two gang-related fistfights, and eventually escalated in a later shooting incident. Id. at ¶¶ 53 – 56. Fortunately, no one was hurt in the shooting. Id. at ¶ 56. He was 15 when he was involved with the shooting. Id. He has a total of 3 criminal history points. Id. at ¶ 60. Unfortunately, Mr. Perez's acting out and subsequent incarceration interfered significantly with his education. While Mr. Perez is literate in Spanish and English, he has difficulty reading and writing.

     Despite his rocky past and difficulties growing up, Mr. Perez is a loving father. Id. at ¶ 82. He is an "emotionally supportive" "good boyfriend" to his fiancée and mother of his son. Id. at ¶ 81. Mr. Perez owes only $650 in child support, despite his pretrial detention since November 11, 2009. Id. at ¶ 97. Mr. Perez appears to be an intelligent individual with potential to live a productive life if he can overcome his educational disadvantage.

     In sum, there do not seem to be any particular aggravating factors present in this case. Because Mr. Perez's drug quantity is toward the low end of the range resulting in his base offense level of 28, because his criminal history category II results from only 3

criminal points, and because of the difficulties that Mr. Perez faced through his childhood, counsel respectfully requests that the Court impose a sentence of 5 years, or 60 months.

Respectfully submitted this 20th day of July, 2010.

/s/
_____
Mark Maciolek
SB# 1054208
PO Box 2349
Madison, WI 53701-2349

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this electronically filed document upon the United States Attorney, the plaintiff, via the ECF system. Said system will deliver said copy to the United States Attorney's office.

Dated this 20th day of July, 2010.

/s/
_____
Mark Maciolek
SB# 1054208
PO Box 2349
Madison, WI 53701-2349